# United States District Court
## NORTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| **V.** | |
| **BRADY VERLO** | Case Number:    **CR 14-9-1-LRR** |
| | USM Number:    **13459-029** |
| | **Alfred E. Willett and Keith James Larson** |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ pleaded guilty to count(s)   **1 of the Superseding Indictment filed on March 18, 2014**

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) | Distribution of Child Pornography | Dec. 2013 | 1 |

The defendant is sentenced as provided in pages 2 through  **6**  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

■ Counts  **2, 3, and 4 of the Superseding Indictment**  are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material change in economic circumstances.

**September 24, 2014**
Date of Imposition of Judgment

*/s/ Linda R. Reade/*
Signature of Judicial Officer

**Linda R. Reade**
**Chief U.S. District Court Judge**
Name and Title of Judicial Officer

September 25, 2014
Date

DEFENDANT: **BRADY VERLO**
CASE **CR 14-9-1-LRR**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **240 months on Count 1 of the Superseding Indictment.**

■ The court makes the following recommendations to the Bureau of Prisons:
**That the defendant be designated to a Bureau of Prisons facility as close to the defendant's family as possible, commensurate with the defendant's security and custody classification needs.**
**That the defendant participate in the Bureau of Prisons' Residential Sex Offender Management Program.**
**That the defendant participate in a Bureau of Prisons' Vocational Training Program specializing in carpentry, horticulture, electrical work, and/or welding and, if available, tailoring and/or landscape design.**

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                           UNITED STATES MARSHAL

                                By _____
                                         DEPUTY UNITED STATES MARSHAL

DEFENDANT: **BRADY VERLO**
CASE NUMBER: **CR 14-9-1-LRR**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **20 years on Count 1 of the Superseding Indictment.**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

    The defendant shall not commit another federal, state, or local crime.

    The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ■ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ■ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ■ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **BRADY VERLO**
CASE NUMBER: **CR 14-9-1-LRR**

# SPECIAL CONDITIONS OF SUPERVISION

*The defendant must comply with the following special conditions as ordered by the Court and implemented by the U.S. Probation Office:*

1) The defendant must participate in a mental health evaluation and/or treatment program. This may include participation in a sex offender treatment program or any such similar program offered in the defendant's approved district of residence. The defendant must take all medications prescribed to the defendant by a licensed psychiatrist or physician.

2) If not employed at a regular lawful occupation, as deemed appropriate by the United States Probation Office, the defendant must participate in employment workshops and report, as directed, to the United States Probation Office to provide verification of daily job search results or other employment related activities. In the event the defendant fails to secure employment, participate in the employment workshops, or provide verification of daily job search results, the defendant may be required to perform up to 20 hours of community service per week until employed.

3) The defendant will be placed on electronic monitoring, which includes the Global Positioning Satellite System (GPS). The defendant must pay the costs associated with this program as determined by the United States Probation Office. While being monitored, the defendant must abide by all the rules and regulations of the monitoring program.

4) Immediately following release from imprisonment, the defendant must reside in a Residential Reentry Center for a period of up to 180 days. This placement will be in the pre-release component with work release privileges. While a resident of the Residential Reentry Center, the defendant must abide by all rules and regulations of the facility. The defendant must report to the Residential Reentry Center at a time and date to be determined by the Bureau of Prisons, the Residential Reentry Center, and the United States Probation Office.

5) The defendant must not own or possess any pornographic materials (adult or child). The defendant must not use any form of pornography or erotica nor enter any establishment where pornography or erotica can be obtained or viewed.

6) The defendant must not operate or use photographic equipment, a computer, or any electronic storage device (including a cell phone) to view or produce any form of pornography or erotica.

7) The defendant must not use the Internet to view any form of pornography or erotica via the World Wide Web, a commercial gateway, an Internet Service Provider, Internet Relay Chat channels, or any Internet Protocol address.

8) The defendant must not have contact with children under the age of 18 (including through letters, communication devices, audio or visual devices, visits, electronic mail, the Internet, or any contact through a third party) without the prior written consent of the United States Probation Office. The United States Probation Office will work with the defendant and the defendant's family to set up supervised communications and visits with the defendant's biological and legally adopted children.

9) The defendant must not be present at places where minor children under the age of 18 are congregated, such as residences, parks, beaches, pools, daycare centers, playgrounds, and schools without the prior written consent of the United States Probation Office.

10) The defendant must remain in compliance with all sex offender registration and public notification requirements in accordance with the Adam Walsh Child Protection and Safety Act of 2006. The defendant must meet with an appropriate official from either the Bureau of Prisons or the United States Probation Office who will explain to the defendant all of the defendant's registration requirements. The defendant must read and sign the Offender Notice and Acknowledgment of Duty to Register as a Sex Offender form.

11) The defendant must submit to a search of the defendant's person, residence, adjacent structures, office and vehicle, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant must warn any other residents that the residence or vehicle may be subject to searches pursuant to this condition. This condition may be invoked with or without the assistance of law enforcement, including the United States Marshals Service.

12) The defendant shall not have access to any internet-connected computer or other device with internet capabilities or access the internet from any location without prior approval of the United States Probation Office and for a justified reason. In the event permission to access the internet is granted, any computer or device which has internet-connection capabilities that the defendant owns or has access to will be subject to random or periodic unannounced monitoring by a United States Probation Officer.

13) The defendant must pay any financial penalty that is imposed by this judgment.

14) For as long as the defendant owes any fines or restitution ordered as part of the instant offense, the defendant must provide the United States Probation Office with access to any requested financial information.

15) For as long as the defendant owes any fines or restitution ordered as part of the instant offense, the defendant must not incur new credit charges or open additional lines of credit without the approval of the United States Probation Office unless the defendant is in compliance with the installment payment schedule.

Upon a finding of a violation of supervision, I understand the Court may: (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the condition of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____  _____
Defendant                                                        Date

_____  _____
U.S. Probation Officer/Designated Witness                Date

DEFENDANT: **BRADY VERLO**
CASE NUMBER: **CR 14-9-1-LRR**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 (paid) | $ 0 | $ 1,500 (paid) |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **Victim(s), the amount(s) of restitution, and the priority or percentage are listed in an Appendix to this Judgment that has been filed under seal.** |  | $1,500 |  |
| **TOTALS** | $ | $ **$1,500** |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

■ the interest requirement is waived for the ☐ fine ■ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:       **BRADY VERLO**
CASE NUMBER:     **CR 14-9-1-LRR**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ■ Lump sum payment of $ __**1,600**__ due immediately, balance due

    ☐ not later than _____ , or
    ■ in accordance with ☐ C, ☐ D, ☐ E, or ■ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ■ Special instructions regarding the payment of criminal monetary penalties:

**If the defendant does not pay the restitution immediately and in full, the defendant must make monthly payments in accordance with the Bureau of Prisons Financial Responsibility Program. The amount of the monthly payments will not exceed 50% of the funds available to you through institution or non-institution (community) resources and will be at least $25 per quarter. If you still owe any portion of the financial obligation(s) at the time of release from imprisonment, you must pay it as a condition of supervision and the United States Probation Office will pursue collection of the amount due, and will request the Court to establish a payment schedule if appropriate. For as long as you owe any fines or restitution ordered as part of the instant offense, you must notify the United States Attorney for the Northern District of Iowa within 30 days of any change of your mailing or residence address that occurs while any portion of the financial obligation(s) remains unpaid.**

**The $100 special assessment was paid on April 11, 2014, receipt #IAN110012991.**

**A restitution payment in the amount of $500 was paid on September 24, 2014, receipt #IAN110014001.**

**A restitution payment in the amount of $1,000 was paid on September 24, 2014, receipt #IAN110014002.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Codefendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.